UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FRANK BARNETT,

    Plaintiff,    Case No. 2:12-cv-2

v.            Honorable Robert Holmes Bell

GLORIA HILL et al.,

    Defendants.
_____/

**OPINION**

    This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff shall pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff presently is incarcerated at the Baraga Maximum Correctional Facility. In his *pro se* complaint, Plaintiff sues Health Unit Manager Gloria Hill, Physician Assistant Margaret Comfort and Grievance Coordinator T. LaPlante.

Plaintiff's complaint concerns prescriptive shoes. On November 3, 2009, Plaintiff was approved for prescriptive athletic shoes. In 2011, however, Defendant Comfort did not find a medical reason for Plaintiff's prescriptive athletic shoes, and, thus, she refused to approve Plaintiff's request for them. Instead, on October 27, 2011, Comfort approved Plaintiff for "B/L [h]ammer toe shoes." (Compl., docket #1, Page ID#5.)

As to his prescriptive hammer toe shoes, Plaintiff argues that he did not receive them in a reasonable amount of time. On November 1, 2011, Plaintiff was measured for his prescriptive hammer toe shoes. On November 27, 2011, Plaintiff filed a Step I grievance, Grievance No. AMF-11-11-4174-1212, because he had not yet received his prescriptive hammer toe shoes. Defendant Hill denied Plaintiff's grievance at Step I, indicating that the order for the prescriptive hammer toe shoes had been placed and the shoes would be delivered to Plaintiff when they were received at the prison. (Attach. to Compl., docket #1-1, Page ID#13.) On December 9, 2011, Plaintiff submitted a request for a Step II Grievance appeal form from Defendant LaPlante but he never received a response. Plaintiff does not allege when he received the prescriptive hammer toe shoes.

On December 26, 2011, Plaintiff submitted a health care request to determine what the Michigan Department of Corrections (MDOC) needed for Plaintiff to receive a prescription for athletic shoes. He also requested the MDOC policy that requires a medical diagnosis for athletic shoes. In its response, the MDOC staff instructed Plaintiff to describe his medical problems

regarding his feet and noted that the MDOC revised their guidelines for athletic shoes in June 2011.

In summary, Plaintiff argues that Defendant Comfort violated his Eighth Amendment rights by denying Plaintiff's prescriptive athletic shoes and by delaying the receipt of Plaintiff's prescriptive hammer toe shoes. Plaintiff further argues that Defendant Hill failed to correct Defendant Comfort's misconducts in violation of Plaintiff's Eighth Amendment rights. Finally, Plaintiff complains that Defendant LaPlante violated Plaintiff's First Amendment rights by failing to provide him with a Step II grievance appeal form.

Plaintiff requests injunctive relief and compensatory and punitive damages.

## Discussion

I.    <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949

(quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. **Supervisor Liability**

Plaintiff alleges that Defendant Hill "failed her duty as the health care unit manager to correct the misconduct alleged by [D]efendant [C]omfort." (Compl., docket #1, Page ID#8.) Defendant Hill denied Plaintiff's Step I grievance for Grievance No. AMF-11-11-4174-1212, in which Plaintiff complained of the unreasonable delay in receiving his prescriptive hammer toe shoes. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir.

2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendant Hill engaged in any active unconstitutional behavior. Accordingly, Plaintiff fails to state a claim against Defendant Hill.

B. **Grievance Process**

Plaintiff complains that Defendant LaPlante refused to send him a Step II grievance form, in violation of Plaintiff's First Amendment rights. To the extent that Plaintiff asserts a due-process claim, Plaintiff has no due process right to file a prison grievance. The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Moreover, Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendant LaPlante's conduct did not deprive him of due process.

In addition, even if Plaintiff had been improperly prevented from filing a grievance, his First Amendment right of access to the courts to petition for redress of his grievances (i.e., by filing a lawsuit) cannot be compromised by his inability to file an institutional grievance. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343 (1996); *Bounds v. Smith*, 430 U.S. 817, 821-24 (1977). The exhaustion requirement only mandates exhaustion of available administrative remedies. *See* 42 U.S.C. § 1997e(a). If Plaintiff was improperly denied access to the grievance process, that process would have been unavailable, and exhaustion of the grievance process would not be a prerequisite for initiation of a civil rights action.

In light of the foregoing, the Court finds that Plaintiff fails to state a cognizable claim against Defendant LaPlante for his denial of the Step II grievance form.

    C.  **Shoes**

Plaintiff complains that Defendant Comfort wrongly delayed the delivery of his prescriptive hammer toe shoes and refused to provide him with prescriptive athletic shoes. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the

inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however, the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998).

1. <u>Hammer Toe Shoes</u>

Plaintiff claims that Defendant Comfort delayed the delivery of his prescriptive hammer toe shoes in violation of his Eighth Amendment rights. Assuming Plaintiff satisfies the objective component of the deliberate-indifference standard, Plaintiff fails to indicate that Defendant Comfort acted with the requisite subjective intent to delay the delivery of his prescriptive hammer toe shoes. On October 27, 2011, Defendant Comfort issued Plaintiff a special accommodation order

for hammer toe shoes in response to Plaintiff's medical needs. Plaintiff was measured for his shoes on November 1, 2011. On November 27, 2011 Plaintiff filed a grievance because he had not yet received the shoes. The Step I Grievance Response stated that the order for the prescriptive hammer toe shoes had been placed and the shoes would be delivered to Plaintiff when they are available. (Attach. to Compl., docket #1-1, Page ID#13.) Plaintiff fails to allege facts suggesting that once the order was placed, Defendant Comfort had any control over when the shoes would be received at the prison. Plaintiff therefore fails to state an Eighth Amendment claim against Defendant Comfort for the delay in the receipt of his prescriptive hammer toe shoes.

2. Athletic Shoes

Plaintiff complains that he is being denied prescription athletic shoes. On September 27, 2011, Defendant Comfort discontinued Plaintiff's prescription for athletic shoes because there was "no medical indication" for Plaintiff's shoes. (Attach. to Compl., docket #1-1, Page ID#15.) Nevertheless, Plaintiff has failed to show that Defendant Comfort was deliberately indifferent to a serious medical need by failing to prescribe athletic shoes to Plaintiff. Plaintiff received some medical treatment for his medical condition from Defendant Comfort by way of a prescription for hammer toe shoes. Plaintiff essentially has a difference in opinion as to the appropriate medical treatment for his feet. Challenges to medical judgment do not rise to a constitutional violation. *See Sanderfer*, 62 F.3d at 154-55. Therefore, Plaintiff fails to state an Eighth Amendment claim against Defendant Comfort for the denial of his prescription athletic shoes.

D. **MDOC Policy**

To the extent that Plaintiff complains of the MDOC policy regarding the approval of athletic shoes, he fails to state a claim. A defendant's alleged failure to comply with an

administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: <u>February 29, 2012</u>　　　　　　　　　　/s/ Robert Holmes Bell
　　　　　　　　　　　　　　　　　　　　　ROBERT HOLMES BELL
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE